**FILED**
**Apr 22, 2024**
**03:31 PM(CT)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT COOKEVILLE

| | | |
|---|---|---|
| **JAKE PERRY,** | ) | **Docket No. 2022-04-0293** |
| **Employee,** | ) | |
| **v.** | ) | **State File No. 107193-2019** |
| **UNITED PARCEL SERVICE, INC.,** | ) | |
| **Employer,** | ) | **Judge Robert Durham** |
| **And** | ) | |
| **LIBERTY MUTUAL INS. CO.,** | ) | |
| **Insurer.** | ) | |

---

## EXPEDITED HEARING ORDER GRANTING BENEFITS

---

The Court held an Expedited Hearing on April 16, 2024, to determine whether Mr. Perry is likely to prevail at trial that he is entitled to psychiatric care ordered by his treating physician. Because UPS did not rebut the presumption that this treatment is necessary for the injury, the Court holds Mr. Perry is likely to prevail at trial in his request and orders UPS to provide a panel of psychiatrists.

### History of Claim

Mr. Perry suffered a left-shoulder rotator cuff tear on October 29, 2019, when he fell from his delivery truck. UPS did not contest the injury and authorized orthopedist Joseph Schaffer to treat it. Dr. Schaffer performed four left-shoulder surgeries over the next few years, culminating in a shoulder replacement in May 2022.[1] In Mr. Perry's affidavit, he said that he also treated with his family doctor for depression during this time and is currently taking an anti-depressant.[2]

At the hearing, Mr. Perry testified that before his injury, he never suffered from depressive symptoms. He said that his constant pain and limitations from his left-shoulder

---

[1] During this time, Dr. Schaffer also surgically repaired a right-shoulder injury that happened due to a non-work-related accident.

[2] The parties did not make the family physician's records an exhibit at the hearing.

1

injury and his lack of progress during his treatment caused his depression.

He said that, while his shoulder is better, he still has significant limitations that preclude many activities. He testified that he cannot lift his grandchildren, play physical games or sports with his family, or do any chores or tasks that require him to lift or extend his left arm for any length of time. These limitations force him to "remain on the sidelines." He particularly misses playing the guitar, which used to relieve stress. He believes that psychiatric treatment would greatly benefit his mental state.

On cross-examination, Mr. Perry agreed that before his injury, he spent most of his adult life driving a truck. He was also the sole breadwinner for his family. He has not driven a truck since his injury, and with his restrictions, he will never be able to. Mr. Perry has not sought work since his injury. He acknowledged that his inability to work has made him feel "less of a man." He also testified that he missed the social interactions with co-workers and customers.

In November 2023, Dr. Schaffer discussed Mr. Perry's depression in an affidavit. Dr. Schaffer concluded that he was not a psychiatrist and could not "definitively" determine the cause of Mr. Perry's symptoms. However, he believed to a reasonable degree of medical certainty that a psychiatrist should evaluate Mr. Perry to determine causation and give appropriate treatment.

In response to the affidavit, UPS deposed Dr. Schaffer. He admitted that he was not giving an expert opinion that Mr. Perry suffered from depression secondary to his work injury. However, in his "professional medical opinion" he believed that a consultation with a psychiatrist was reasonable based on Mr. Perry's report of symptoms and because it was outside his practice to evaluate those symptoms.

On cross-examination, Dr. Schaffer agreed that Mr. Perry had significant difficulty recovering from his injury. He also agreed that patients will sometimes develop psychiatric symptoms after a physical injury, and that his "normal customary care" of those patients would include referring them to a psychiatrist for assessment and possible treatment. When asked, to a reasonable degree of medical certainty, if Mr. Perry would benefit from a psychiatric evaluation, Dr. Schaffer said yes, "if only to settle the matter" as to causation and possible treatment. Finally, he agreed that he had patients whom he referred to specialists outside orthopedics, and he expected them to address causation issues.

## Findings of Fact and Conclusions of Law

To obtain the requested psychiatric treatment, Mr. Perry must show a likelihood of prevailing at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2023). Here, the question is whether UPS must comply with Dr. Schaffer's psychiatric referral for Mr. Perry's depressive symptoms. The Court finds Mr. Perry is likely to prove entitlement to

this treatment and orders UPS to abide by Dr. Schaffer's recommendation.

UPS does not contest that Mr. Perry sustained a compensable left-shoulder injury that required four surgeries. The undisputed facts also show that Dr. Schaffer referred Mr. Perry for psychiatric care to evaluate and, if necessary, treat any depressive symptoms caused by his work injury.

In its argument, UPS emphasizes that a compensable mental injury does not include a "psychological or psychiatric response due to the loss of employment or employment opportunities." *Id.* at -102(15) (2019). It contends that Mr. Perry has not established that his alleged depressive symptoms are due to any other factor. However, UPS misconstrues the current issue.

Section 50-6-204(a)(3)(H) presumes that any treatment recommendation made by an authorized physician is "medically necessary" for treatment of the injured employee. In determining the statute's applicability in this case, the Court looks to *Beech v. G4S Secure Solutions (USA), Inc.*, 2020 TN Wrk. Comp. App. Bd. LEXIS 71, at *7, 8 (Dec. 16, 2020).

In *Beech*, the employee suffered a closed-head injury. The treating neurologist referred him for a psychiatric evaluation for his "increased anxiety." The employer refused to authorize treatment and instead wrote two letters to the treating doctor asking if he could say to a reasonable degree of medical certainty that the employee's psychiatric issues were primarily caused by his work injury. The doctor replied "no" to both letters.

The trial court, citing section 50-6-204(a)(3)(H), ordered the employer to submit a psychiatric panel. The Appeals Board affirmed, writing:

> Employer misconstrues the burden of proof and misstates the relevant issue. The issue is not whether Employee has come forward with sufficient evidence to convince the trial court that the referral was medically necessary or that his alleged psychological injury is causally related to the work incident. That was not Employee's burden to prove at that stage of the case. Instead, the relevant issue is whether Employee came forward with sufficient proof from which the trial court could conclude a panel-selected treating physician made a referral to a specialist.

*Id.*

The holding in *Beech* is on-point with the facts here. Mr. Perry proved that the authorized physician for his work-related injury made a referral for psychiatric care. As the authorized physician, Dr. Schaffer's recommendation is presumed necessary for the injury. Whether psychiatric treatment is ultimately causally related under the statute is not the issue at this stage. Thus, UPS shall submit a panel of psychiatrists from which Mr.

Perry may choose an authorized physician to treat any mental injuries causally related to his work injury.

Mr. Perry also asked that penalties and attorney's fees be awarded. UPS filed a motion to exclude this request because he did not seek these remedies in his request for expedited hearing. The Court denies UPS's motion and refers the case to the Bureau's Compliance Program for a penalty determination under Tennessee Code Annotated section 50-6-118(a)(8).

As for attorney's fees, the Workers' Compensation Appeals Board has addressed the timing of this type of request and held the "better practice" is to resolve them after the litigation has concluded, "given the twists and turns inherent in litigation." *Andrews v. Yates Servs., Inc.*, 2017 TN Wrk. Comp. App. Bd. LEXIS 35, at *7-8 (May 23, 2017).

IT IS, THEREFORE, ORDERED:

1. UPS shall submit a panel of psychiatrists, from which Mr. Perry may choose an authorized physician to provide reasonable and necessary treatment for depressive symptoms causally related to his work injury.

2. This case is referred to the Bureau's Compliance Program to determine if, and to what extent, a penalty is warranted.

3. This case is set for a Scheduling Hearing on **June 3, 2024, at 10:00 a.m. Central Time**. The parties must call 615-253-0010. Failure to appear might result in a determination of the issues without the party's participation.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3). US Express must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit via email at WCCompliance.Program@tn.gov.

**ENTERED April 22, 2024.**

_____
**ROBERT DURHAM, JUDGE**
**Court of Workers' Compensation Claims**

**APPENDIX**

Technical Record:
1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Request for Expedited Hearing
4. Mr. Perry's Pre-Trial Brief
5. UPS's Pre-Trial Brief
6. UPS's Motion to Exclude

Exhibits:
1. Dr. Schaffer's medical records with causation letter
2. Dr. Schaffer's affidavit
3. Dr. Schaffer's deposition
4. Dr. Schaffer's April 29 letter

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on April 22, 2024.

| Name | Mail | Email | Service sent to: |
|------|------|-------|------------------|
| Brian Dunigan | | X | brian@poncelaw.com |
| David Hooper | | X | dhooper@hooperzinn.com |
| Compliance Program | | X | WCCompliance.program@tn.gov |

_____
**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**



<u>Right to Appeal</u>:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board.  To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.

   ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.

   ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal.  Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service.  In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee.  You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal.  **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal.  If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee.  If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk.  The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted.  For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable.  See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



# NOTICE OF APPEAL
Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____     ☐ Motion Order filed on _____

☐ Compensation Order filed on_____     ☐ Other Order filed on_____

issued by Judge _____.

## Statement of the Issues on Appeal
Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

## Parties
**Appellant(s)** (Requesting Party): _____ ☐Employer ☐Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐Employer ☐Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.


_____
*[Signature of appellant or attorney for appellant]*